Tiega-Noel Varlack, Esq. (SBN 248203)
**VARLACK LEGAL SERVICES**
225 W. Winton Avenue, Suite 207
Hayward, CA 94544
Telephone: (510)-397-2008
Facsimile:  (510)-397-2997
E-mail: tiega@varlacklegal.com

Attorney for Plaintiff,
EVERLINE WILLIAMS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERLINE WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>REDWOOD TOXICOLOGY LABORATORY aka ABBOTT LABORATORIES and, DOES 1 through 20,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Discrimination and Harassment Based Upon a Disability in Violation of the Fair Employment and Housing Act and Title VII of the Civil Rights Act;**<br>2. **Failure to Accommodate Disability in Violation of the Fair Employment and Housing Act;**<br>3. **Failure to Engage in the Interactive Process;**<br>4. **Retaliation;**<br>5. **Wrongful Termination in Violation of Public Policy and Title VII of the Civil Rights Act;**<br>6. **Breach of Contract;**<br>7. **Unfair Business Practices; and**<br>8. **Invasion of Privacy**<br><br>**JURY TRIAL DEMANDED** |

EVERLINE WILLIAMS ("Plaintiff"), an individual, by and through her undersigned attorney brings this action against Defendant, REDWOOD TOXICOLOGY LABORATORY aka ABBOTT LABORATORIES ("Defendant") for:

1

WILLIAMS' COMPLAINT FOR DAMAGES

**1. Discrimination and Harassment Based Upon a Disability in Violation of the Fair Employment and Housing Act; 2. Failure to Accommodate Disability in Violation of the Fair Employment and Housing Act; 3. Failure to Engage in the Interactive Process; 4. Retaliation; 5. Wrongful Termination in Violation of Public Policy; 6. Breach of Contract; 7. Unfair Business Practices; and 8. Invasion of Privacy.**

Plaintiff complains and alleges as follows:

## I. THE PARTIES

1. Plaintiff, EVERLINE WILLIAMS is and at all times mentioned herein was a resident of Alameda County, State of California.

2. Defendant, REDWOOD TOXICOLOGY LABORATORY aka ABBOTT LABORATORIES is incorporated in the State of California with a place of business located at 3650 Westwind Blvd., Santa Rosa, CA, 95403.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues them by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendants shall include the Doe Defendants as well.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims. The claims constitute the same case and controversy raised in the claims under federal law.

5. The Northern District of California has personal jurisdiction over the defendant because the defendant has headquarters in and transacts significant business in the State of California and in this District.

2

WILLIAMS' COMPLAINT FOR DAMAGES

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5 (f) because Defendant conducts substantial business in the Northern District of California, and because, upon information and belief, unlawful employment practices originated in this District.

7. Plaintiff duly filed her administrative charges before the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission ("EEOC") and has received her right to sue.

### III. FACTUAL ALLEGATIONS

8. On or about January 15, 2018, Plaintiff, Ms. Williams was hired on as a Clinical Lab Scientist at Redwood Toxicology aka Abbott Laboratories. Her job duties required her to review files and assist at Laboratory.

9. The existence of the employment contract was evidenced by several pay stubs from the Defendant to Plaintiff.

10. From her date of hire until her termination, Ms. Williams did not have any trouble performing her duties and responsibilities as a Clinical Lab Assistant.

11. Defendant, Redwood Toxicology aka Abbott Laboratories never provided Ms. Williams, about her job duties during her training information.

12. Assigning files to Ms. Williams for review and write up with little or no instructions were typical regimen of Defendants.

13. Lack of information consumes more time to sign off on drugs which appeared to be a flaw to co-workers and Defendant. Her job-related questions were unanswered or avoided, which appeared the Plaintiff incompetent.

14. Ms. Williams was subjected to brutal insults and retaliation during her training.

15. On or about February 14, 2018, Ms. Williams was sexually harassed by her co-worker during a training session with abusive words. Embarrassed and humiliated Ms. Williams reported the incident to her immediate manager Lister Macharia.

WILLIAMS' COMPLAINT FOR DAMAGES

16. Ms. Williams did not receive any follow up regarding the report, but her work environment became hostile.

17. The employee assigned to train Ms. Williams was the same employee on whom Ms. Williams was reported. As a new employee Ms. Williams felt that this is unwelcoming and unsafe environment.

18. Ms. Williams was avoided in any conversations and by other employees and was asked not to sit at the desk that was being used for review. Ms. Williams notified her manager, but she failed to act.

19. Ms. Williams was often assigned bench duties in the laboratory, to aliquot for weeks and no other Clinical Lab Scientist was assigned to share the responsibility.

20. Ms. Williams was the only person assigned related to non-Clinical Lab Scientist tasks, in fact, she was the only one subjected to doing them.

21. Manager Ms. Macharia never addressed Ms. Williams complaints, instead she would make negative comments and statements, which forced Ms. Williams to isolate herself.

22. Another co-worker Sarah constantly made comments that Ms. Williams was slow. She called Ms. Williams "old" and always complains manager Ms. Macharia that Ms. Williams was not doing any work and roaming around.

23. In the lab Ms. Williams was assigned to another co-worker Heidi's work also. If Ms. Williams refuses, complaints made to manager, and she would walk over to Ms. Williams desk and embarrasses her.

24. She often comments in a rude manner that Ms. Williams work is at Par. Ms. Williams asked her manager what par and what average her co-workers were doing. Ms. Williams never got an answer.

25. None of the other employees or the two new CLS (Clinical Lab Scientists) were not subjected to the same treatment that Ms. Williams received.

26. Ms. Williams was reviewing 8-16 files daily in addition to aliquoting samples and write up without any use of overtime. As Ms. Williams production continued to increase, she was assigned ETG/ETS files for review and later additional drugs were being added.

4

WILLIAMS' COMPLAINT FOR DAMAGES

27. Ms. Williams was continuously exceeded expectations.

28. When Ms. Williams needs to talk with Mr. Brent, a senior scientist regarding ETG/ETS files, her manager was obstructed to do so.

29. Upon continuation of hostility and retaliation Ms. Williams submitted her resignation to manager Ms. Macharia.

30. Ms. Macharia informed Ms. Williams that she would not accept Ms. Williams resignation as she was doing an amazing job and Ms. Macharia also assured that she and her co-workers would work on their behavior towards Ms. Williams.   Hence, Ms. Williams continued her job.

31. On or about July 2018, Ms. Williams was injured at work. The injury aggravated while assigned to bench duties (such as bending, standing, sitting for long periods).  She had constant muscle spasms.

32. Ms. Williams contacted Primary care provider, who informed Ms. Williams that she had to go through her employer because her injury is work related.

33. As per manager Ms. Macharia's information Ms. Williams contacted Concentra, who were unable to see/check Ms. Williams as they had no documentation regarding her injury.

34. Ms. Williams contacted HR person Lisa Downing, but she was out of office.  As the pain was severe Ms. Williams saw a Chiropractor and paid expenses out of pocket.

35. On or about July 11, 2018, Ms. Williams met with HR Ms. Downing, completed documentation, went to Concentra for treatment and was placed on workmen compensation.

36. Concentra doctor requested an X-ray and informed Ms. Williams that she saw no injury and Ms. Williams should take Motrin and should go back to work.  She referred Ms. Williams to Physical therapy and informed Ms. Williams that her hands were tied and nothing much she could do to help Ms. Williams.

WILLIAMS' COMPLAINT FOR DAMAGES

37. Ms. Williams pain was so severe, she kept going to hospital for Toradol injection, lidocaine patch and medications. HR Ms. Downing informed Ms. Williams that she should go to Concentra and not the hospital.

38. On or about July 2018, Ms. Williams took time off from work for three (3) weeks. Ms. Williams received phone call from HR Ms. Downing to return to work and manager Ms. Macharia informed that Ms. Williams could not return to work without a doctor's note.

39. On or about July 26, 2018, Ms. Williams returned to work. Ms. Downing was assured that Ms. Williams will get a proper ergonomics chair as per her request. It was never installed.

40. Ms. Williams learnt that a former co-worker, who had a disability was also subjected to harassment and was fired.

41. The pain was not getting better, so Ms. Williams requested a second opinion from a specialist, he indicated there was injury may require back surgery or ongoing physical therapy and treatment. Her injury is due to a Herniated disc L5, S1, which is damaged.

42. Ms. Williams manager Ms. Macharia increased her workload even though the doctor ordered light duty. Ms. Macharia also blamed Ms. Williams for errors that was made in other departments.

43. Ms. Williams never get any exceptions for bench duties or any other schedules despite physician's orders.

44. Ms. Williams requests regarding work essentials, ergonomic necessities, schedule adjustments were never considered.

45. Ms. Williams work environment became intolerable as they treated her with hostility.

46. On or about September 28, 2018, Ms. Williams submitted her resignation, and the environment was no longer hostile.

47. On or about October 2, 2018, Ms. Williams requested her manager and HR that she would like to withdraw her resignation. She was informed that that it is not possible, and policies prevented her from doing so.

WILLIAMS' COMPLAINT FOR DAMAGES

48. Ms. Williams was informed that her last day would be on October 11, 2018 and was unable to work during the two weeks of her resignation.

49. Many other former co-workers also subjected to the same hostility treatment and were either fired or forced to quit.

**FIRST CAUSE OF ACTION**
**Discrimination and Harassment Based Upon a Disability in Violation of the Fair**
**Employment and Housing Act and Title VII of the Civil Rights Act**

50.  Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

51. Plaintiff's wrongful termination from her employment with Defendant was based upon Defendant's violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions.

52. The plaintiff was further subject to a hostile work environment while employed by the defendant. Her race and sex, female and African American were Title VII protected characteristics and the reason for the hostile work environment.

53. Plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature, and sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature.

54. As a proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses incurred and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

55. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

56. Wherefore, Plaintiff requests relief as set forth below.

WILLIAMS' COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION
**Failure to Accommodate Disability in Violation of the Fair Employment and Housing Act**

57. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

58. The California statute prohibiting disability discrimination against an employee because of a mental or physical disability or medical condition is the Fair Employment and Housing Act, Gov't Code §12940(a).

59. The employer has an affirmative duty to accommodate disabled workers even if the employee has not requested any accommodation so long as the employer is aware of the disability. *Prilliman v. United Air Lines, Inc.,* 53 Cal.App.4th 935, 949-950.

60. Redwood Toxicology aka Abbott Laboratories had knowledge that Plaintiff suffered a work-related injury in July 2018.

61. Plaintiff's manager Ms. Macharia informed her to go to Concentra and they were unable to see Plaintiff as they had no documentation related to injury.

62. Plaintiff took 3 weeks off as she cannot bare pain, manager Ms. Macharia informed her she could not return to work without a doctor's letter.

63. MS. Lisa Downing from HR informed Plaintiff that she should ignore the manager Ms. Macharia as she is a new manager and still learning and Plaintiff should return to work.

64. Ms. Williams kept going to the hospital for Toradol injection, lidocaine patch and medications, Chiropractor for massage therapy and paid out of pocket.

65. Plaintiff was not given any exceptions from bench duties, which caused work injury to Plaintiff nor provided requested support.

66. On October 11, 2018, Plaintiff was terminated.

67. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer from humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

WILLIAMS' COMPLAINT FOR DAMAGES

68. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

69. Wherefore, Plaintiff requests relief as set forth below.

## THIRD CAUSE OF ACTION
### Failure to Engage in the Interactive Process

70. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

71. Plaintiff contends that Defendant, Redwood Toxicology aka Abbott Laboratories failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Plaintiff's job [CLS – Clinical Lab Scientist] requirements required accommodation.

72. Plaintiff, Ms. Williams was hired on or about January 15, 2018, as a Clinical Lab Scientist.  Her job duties required her to review files and assist at Laboratory.

73. Plaintiff entered in an employment contract with Defendant.  The existence of the employment contract was evidenced by several pay stubs from the Defendant to Plaintiff.

74. On or about July 5, 2018, Plaintiff was injured while working.

75. Plaintiff requested that Redwood Toxicology aka Abbott Laboratories make reasonable accommodations such as, a sit/stand workstation, 30 days time off from work, and a schedule change for her so that she would be able to perform her essential job requirements.

76. Defendant/Employer, Redwood Toxicology aka Abbott Laboratories failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made or not.

77. Instead, Defendant increased workload of Plaintiff and failed to include any job modification as stated by Plaintiff's treating physician.

78. Plaintiff made several complaints and requests to HR, but no changes were made, and the environment became more hostile.

WILLIAMS' COMPLAINT FOR DAMAGES

79. As a proximate result of Defendant's conduct, Plaintiff was harmed and suffered with humiliation.

80. Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

81. Wherefore, Plaintiff requests relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of Government Code §12940(h); Labor Code Section 1102.5**

82. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

83. In violation of California Government Code § 12940 et seq. and Labor Code 1102.5, Defendants retaliated against Plaintiff "for disclosing information … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

84. On or about February 14, 2018, Plaintiff was sexually harassed by her former co-worker during a training session.  Embarrassed and humiliated Plaintiff reported the incident to her manager Ms. Macharia, and she assured that, she would handle it.

85. Plaintiff never got a follow up of how the situation was handled but the work environment became hostile.

86. The employee who Plaintiff was complained about, was assigned to train her.  Plaintiff felt unsafe.

87. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff have necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants and each of their actions, Plaintiff suffered emotional distress, resulting in damages to be proven at trial.

WILLIAMS' COMPLAINT FOR DAMAGES

88. The conduct of Defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendant and their agents and/or employees or supervisors authorized, condoned, and ratified the unlawful conduct against Plaintiff. Consequently, Plaintiff is entitled to punitive damages against Defendants.

89. Wherefore, Plaintiff requests relief as set forth below.

### FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### and Title VII of the Civil Rights Act

90. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

91. As a manager Ms. Macharia was responsible for strategic planning, human resources, standards, and best practices during all relevant times herein.

92. Ms. Macharia was responsible for terminating Plaintiff's employment.

93. She was further responsible for the unlawful actions as described above because she was in a managerial role and was aware of the harassment but failed to investigate it competently.

94. Ms. Macharia also failed to support, educate, train, or provide guidance for the Plaintiff, and this created a toxic and hostile environment.

95. Ms. Macharia willfully ignored and failed to act upon verbal and written complaints and requests by Plaintiff regarding safety, security, and hostile work environment.

96. Plaintiff's wrongful termination from her employment with Defendant was based upon Defendant's violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions.  Specifically, Plaintiff was terminated in violation of Govt. Code section 12940(k), whereas Redwood Toxicology aka Abbot Laboratories failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring,

namely for failing to prevent Plaintiff's discriminatory discharge after she reported ongoing misconduct in the meeting, namely Health & Safety Code violations.

97. the plaintiff: participated in an activity protected under federal law, that is she reported illegal conduct, thus she also brings this claim under Title VII of the Civil Rights Act.

98. As a proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

99. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

100.     Wherefore, Plaintiff requests relief as set forth below.

## SIXTH CAUSE OF ACTION
### Breach of Contract

101.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

102.     Plaintiff entered in an employment contract with Defendant.  The existence of the employment contract was evidenced by several pay stubs from the Defendant to Plaintiff.

103.     Plaintiff has at all times performed the terms of the contract which in essence required that they provide labor in return for the agreed upon wages and a safe working space.

104.     Plaintiff was employed by Defendant, consistently received either good or excellent performance evaluations, and was assured on numerous occasions that she was doing a good job and that she would be safe to work without fear of termination.

WILLIAMS' COMPLAINT FOR DAMAGES

105.     Plaintiff relied on these assurances; to conclude that the parties had entered into an implied contract that Plaintiff would not be discharged for reporting unsafe working conditions and that the Firm would be adequately staffed.

106.     Based on the written and oral representations and promises of Defendants, and/or conduct of Defendants, Plaintiff had an employment contract with Defendants that the Plaintiff would not be discharged for reporting unsafe working conditions and that the Firm would be adequately staffed.

107.     Defendants' failure and refusal to perform its obligation under the contract has damaged Plaintiff in the following manner, she was deprived of the benefit of her bargain and have suffered damages.

108.     Wherefore, Plaintiff requests relief as set forth below.

### SEVENTH CAUSE OF ACTION
### <u>Unfair Business Practices</u>

109.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

110.     The California Labor Code at section 6402 provides that "No employer shall require or permit any employee to go or be in any employment or place of employment which is not safe and healthful."

111.     Defendants' conduct in allowing the abuse of Plaintiff as described above violated section 6402.

112.     Defendants' illegal conduct was willful and directly caused humiliation, hostility work environment for many workers including Plaintiff and many of incidents of workplace violence as reported in Defendant's internal reports and the California Department of Industrial Relations.

113.     Defendant's failure to follow worker safety laws amounts to an unlawful, unfair, and fraudulent business practice under California business and Professions Code Section 17200.

WILLIAMS' COMPLAINT FOR DAMAGES

114.    Plaintiff pursuant to Cal. Bus. & Prof. Code § 17200, brings this cause of action as a private attorney general.

115.    Plaintiff hereby alleges that Redwood Toxicology aka Abbott Laboratories violated Cal. Bus. & Prof. Code Section 17200 prohibiting "Unfair competition," defined in Section 17200 of the Business & Prof. Code as encompassing any one of the following five types of business wrongs: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5. The definitions in Section 17200 are disjunctive. Each of these five "wrongs" operates independently from the others.

116.    Section 17200 does not exempt specific industries but applies to any person.  The term person has been broadly defined as "all-natural persons, corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons."

117.    An "unfair" business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

118.    By and through their conduct, including the conduct detailed above, Defendants have engaged in activities which constitute unfair competition prohibited by California Business and Professions Code § 17200 et seq. in that the above-described conduct is unlawful and/or unfair and/or fraudulent within the meaning of the statute.

119.    Specifically, defendants have engaged in and on information and believe continue to engage in unlawful conduct by violating Labor Code Sections 6402, 6403, 6404.

120.    As explained in the preceding paragraphs, Defendants, and each of them were aware of the "unlawful acts" committed in violation of a number of regulations.

121.    Besides being unlawful, Defendants' conduct alleged herein is "unfair" within the meaning of § 17200 in as much as such conduct offends public policy in this State, has no utility or rational justification, and is substantially injurious to consumers.

WILLIAMS' COMPLAINT FOR DAMAGES

122.    Besides being unlawful and unfair, Defendants' conduct alleged herein is "fraudulent" and/or "misleading" within the meaning of California Business and Professions Code § 17200 and § 17500 in as much as such conduct is likely to deceive members of the general public.

123.    Plaintiff is prosecuting this action for enforcement of important rights affecting the public interest, and therefore seeks to recover its attorney's fees under § 1021.5 of the Code of Civil Procedure, and/or under the "common fund" doctrine available to a prevailing plaintiff who wins restitutionary damages for the general public.

124.    Wherefore, Plaintiff requests relief as set forth below.

### EIGHTH CAUSE OF ACTION
### Invasion of Privacy

125.    Plaintiff re-alleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

126.    Plaintiff brings a Fourth Amendment invasion of privacy claim against the following Defendants, in their individual capacities: Ms. Macharia, Ms. Sarah.   Plaintiff alleges that Defendants violated her privacy when they publicly disclosed information regarding her workplace performance to the public, including co-workers.

127.    All defendants conspired to invade the privacy of Plaintiff when they publicly disclosed information regarding her workplace performance. Plaintiff had a reasonable expectation of privacy in her workplace performance.

128.    Plaintiff did not give defendants permission to invade her privacy.  Plaintiff seeks damages thereto in an amount to be proven at trial.

129.    Wherefore, Plaintiff requests relief as set forth below.

### RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, REDWOOD TOXICOLOGY LABORATORY aka ABBOTT LABORATORIES as follows:

15

a. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

b. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation and mental anguish;

c. For interest on lost earnings and benefits at the prevailing legal rate from October 11th, 2018;

d. For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct;

e. For reasonable attorney's fees incurred by Plaintiff;

f. For costs of suit incurred by Plaintiff; and any other remedies that the court deems appropriate.


Respectfully submitted,

Dated: June 10, 2021                                        VARLACK LEGAL SERVICES


By: _____
      Tiega-Noel Varlack, Esq.
      Attorney for Plaintiff,
      EVERLINE WILLIAMS

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable of right to a jury.

16

WILLIAMS' COMPLAINT FOR DAMAGES