UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERLINE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>REDWOOD TOXICOLOGY LABORATORY,<br><br>    Defendant. | Case No. 21-cv-04501-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Pending before the Court is Defendant Redwood Toxicology Laboratory's ("Defendant") motion to dismiss certain causes of action in Plaintiff Everline Williams's ("Plaintiff") Complaint. Dkt. No. 26. The motion is fully briefed. *See* Dkt. Nos. 27 ("Opp.") and 29 ("Reply"). The Court finds the motion suitable for decision without oral argument and deems the matter submitted. *See* Civ. L.R. 7-1(b). Having considered the parties' arguments, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion.

**I.    BACKGROUND**

The Court assumes the following facts as true for the purposes of deciding this motion. Defendant hired Plaintiff as a Clinical Lab Scientist in January 2018. *See* Dkt. No. 1 ("Compl.") ¶ 8. She resigned her employment in October 2018. *Id.* ¶ 48. Plaintiff alleges that during that tenure she: (1) was "sexually harassed" with "abusive words" by her co-worker during a training session; (2) after reporting the sexual harassment, received no follow-up and was singled out to perform "non-Clinical Lab Scientist tasks"; and (3) did not receive proper accommodations after suffering a herniated disc injury at work. *See id.* ¶¶ 8-49.

Based on these facts, Plaintiff filed a lawsuit in June 2021 alleging several claims under California's Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act.

1  *See id.* ¶¶ 50-99.  The Complaint also brings claims for breach of contract, unfair business

2  practices based on Cal. Bus. & Prof. Code § 17200 ("UCL"), and invasion of privacy.  *See id.* ¶¶

3  101-128.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

Even if the court concludes that a 12(b)(6) motion should be granted, the court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims for (1) FEHA wrongful termination, (2) breach of contract, (3) unfair business practices, and (4) invasion of privacy. *See* Mot. at 1. As explained below, the Court dismisses each of these claims except for Plaintiff's Wrongful Termination claim.

### A. Request for Judicial Notice

As a preliminary matter, Plaintiff asks the Court to take judicial notice of the following documents:

| Exhibit | Description |
| --- | --- |
| A | Department of Fair Employment and Housing Right-to-Sue Letter |
| B | U.S. Equal Employment Opportunity Commission Right-to-Sue Letter |
| C | Notice of Workers' Compensation Court |

*See* Dkt. No. 208 ("RJN").

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

Exhibits A and B are matters of public record not generally subject to dispute, and Defendant has not objected to them. *See* Reply at 2. Accordingly, the Court finds that judicial notice of those documents and the facts they contain is appropriate. Exhibit C appears to be a summary of the events in Plaintiff's workers' compensation case. *See* RJN, Ex. C. Plaintiff contends that this document shows that Plaintiff "lost money because of Defendant's unfair practices in that she had to defend against its unwarranted refusal to pay full value for her

3

1    workplace injury before the State Worker's Compensation Board." Opp. at 9.  Defendant argues

2    that Exhibit C neither establishes that Defendant failed to pay "full value for her workplace

3    injury," nor that Plaintiff incurred any attorneys' fees.  Reply at 3.

4          Defendant does not appear to dispute that Plaintiff at least appeared before the State

5    Worker's Compensation Board, so the Court will take judicial notice of that fact.  But the Court

6    agrees with Defendant that nothing in Exhibit C establishes that Defendant failed to pay "full

7    value" for Plaintiff's workplace injury or that she incurred any attorneys' fees.  And in any event,

8    the Court cannot take judicial notice of disputed facts.  *See Khoja*, 899 F.3d at 999.  So as to

9    Exhibit C, the Court will solely take judicial notice of the fact that Plaintiff appeared before the

10   State Worker's Compensation Board.

11       **B.**    **Wrongful Termination**

12         Defendant moves to dismiss Plaintiff's FEHA claim for wrongful termination as untimely.

13   *See* Mot. at 1.  Specifically, Defendant contends that Plaintiff's claim is barred by the applicable

14   two-year statute of limitation because Plaintiff admits that her employment ended in October 2018

15   but failed to bring this claim until June 2021.  *See id.*[1]  Plaintiff does not dispute that she brought

16   this claim more than two years after her employment ended.  Her argument is that her claim is

17   nonetheless timely under the doctrine of equitable tolling.  Opp. at 5-6.  The Court agrees that

18   Plaintiff has stated a plausible basis for the equitable tolling of her claim.

19         Under the doctrine of equitable tolling, courts extend the deadline for a filing when an

20   event or circumstance deprives the filer, through no fault of their own, of the full period accorded

21   by the statute.  *McQuiggin v. Perkins*, 569 U.S. 383, 409, 133 S. Ct. 1924, 1941 (2013) (Scalia, J.,

22   dissenting).  Generally, a state statute of limitations is tolled while the plaintiff pursues an

23   administrative remedy for the same alleged wrongdoing.  *Salgado v. Atl. Richfield Co.*, 823 F.2d

24   1322, 1326 (9th Cir. 1987).  At this stage in the litigation, a plaintiff's burden of alleging an

25   equitable tolling claim is relatively light.  A motion to dismiss based on a statute of limitations

---

[1] *See also Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382, 196 Cal. Rptr. 3d 68, 80 (2015) ("[W]e conclude the two-year statute of limitations under Code of Civil Procedure section 335.1 applies to a common law tort cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination.").

4

defense can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim," and "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff argues that the Court should extend the deadline for her to file the FEHA wrongful termination claim to account for the time she spent pursuing administrative remedies. Opp. at 5-6. Specifically, facts properly subject to judicial notice establish that, before bringing this lawsuit, Plaintiff first sought administrative remedies by dual-filing a complaint on July 16, 2019, with the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission ("EEOC"). RJN, Ex. A. Per a "work-sharing agreement" between those two agencies, DFEH deferred its investigation of Plaintiff's allegations to the EEOC. *See id.*; *see also Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1097, 68 Cal. Rptr. 2d 590 (1997) (explaining that under the EEOC's work-sharing agreement with the DFEH, the two agencies designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute). When the EEOC concluded its investigation, it sent Plaintiff a right-to-sue letter on March 12, 2021. *See* RJN, Ex. B.

Given those facts, the Court finds that Plaintiff has articulated a proper and plausible basis for equitable tolling. Both the California Courts of Appeal and the Ninth Circuit have long held that the statute of limitations to bring a FEHA action is equitably tolled while the EEOC investigates the filer's claim and until the filer receives a right-to-sue letter. *See Downs*, 58 Cal. App. 4th at 1102; *Salgado*, 823 F.2d at 1326.

Even so, courts also consider the following three factors to determine whether tolling the statute of limitations would be equitable in a particular case: (1) whether defendants received timely notice of the filing of the first claim; (2) whether defendants would suffer prejudice by having to gather evidence to defend against the second claim; and (3) whether plaintiffs acted reasonably and in good faith in filing the second claim. *See Downs*, 58 Cal. App. 4th at 1100; *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

1     All those factors are at a minimum adequately alleged here.  Defendant has no answer for
2  Plaintiff's argument that Defendant (1) received timely notice of the first claim; and (2) would not
3  suffer prejudice by having to gather evidence to defend the second claim.  *See* Opp. at 6; Reply at
4  2.  And it is at least plausible that Plaintiff acted reasonably and in good faith by filing this claim
5  within ninety days of receiving her right-to-sue letter from the EEOC.  *See* RJN, Ex. B; Compl.
6  The Court accordingly finds that Plaintiff has stated a plausible basis for equitably tolling her
7  FEHA wrongful termination claim.  Defendant's motion is accordingly **DENIED** as to Plaintiff's
8  wrongful termination claim.

### C.   Breach of Contract

Defendant also moves to dismiss Plaintiff's claim for breach of contract on the ground that it fails to state a claim upon which relief can be granted.  *See* Mot. at 5-6.  To state a breach of contract claim under California law, a plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance of the contract, (3) defendant's breach of the contract, and (4) the resulting damages to the plaintiff.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  Plaintiff's breach of contract claim alleges that she had an "employment contract" which provided that she "would not be discharged for reporting unsafe working conditions and that the Firm would be adequately staffed."  Compl. ¶ 106.  While the Complaint makes the vague allegation that this contract was "[b]ased on the written and oral representations and promises of Defendants, and/or conduct of Defendants," *see id.*, Plaintiff later clarifies that this was an "implied covenant of continued employment," because the "totality of the circumstances show that neither Ms. Williams nor Ms. Macharia thought that the employment relationship was at will."  Opp. at 1, 7.  The Court is not convinced.

Employment in California is presumed to be "at will."  Cal. Lab. Code § 2922*; accord Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 356 (2010) ("Labor Code section 2922 creates a presumption employment is at will.").  To overcome the presumption of at-will employment, Plaintiff must plausibly allege an express or implied agreement to terminate only for good cause.  *Stillwell v. Salvation Army*, 167 Cal. App. 4th 360, 380 (2008) ("an employer and an employee are free to depart from the statutory presumption [of at-will employment] and specify

6

1 [by contract] that the employee will be terminated only for good cause").

2       The Complaint fails to do so. At bottom, it does not allege facts from which the Court can reasonably conclude that Plaintiff and Defendant departed from the statutory presumption of at-will employment. *See* Compl. ¶¶ 101-107. Plaintiff's "covenant of continued employment" covenant is ostensibly "implied" from the alleged fact that when she attempted to submit a resignation letter, her supervisor refused her resignation because she was "doing an amazing job" and assured her that "her coworkers would work on their behavior towards [her]." Opp. at 7-8. But that is not sufficient evidence of an intent on anyone's part to modify Plaintiff's at-will employment. All the Court can reasonably assume from this allegation is that, at one point, Plaintiff's supervisor did not want her to resign and thought she was performing well. As the California Supreme Court has explained, however, the employer's approval of the employee's work cannot alone form an implied-in-fact contract that the employee is no longer at will. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 341–42, 8 P.3d 1089, 1104 (2000) ("We agree that an employee's mere passage of time in the employer's service, even where marked with tangible indicia that the employer approves the employee's work, cannot alone form an implied-in-fact contract that the employee is no longer at will.").

      Because the Complaint does not plausibly allege that the parties either expressly or impliedly agreed that Plaintiff could only be terminated for cause, the Court finds that Plaintiff has not stated a plausible claim for breach of an employment contract. Defendant's motion to dismiss is accordingly **GRANTED** as to Plaintiff's breach of contract claim. Although the Court is skeptical that Plaintiff can state a plausible breach of contract claim based on these facts, it is theoretically possible that the claim could be cured by the allegation of other facts. *Lopez*, 203 F.3d at 1127. Plaintiff is therefore given leave to amend.

### D.    Unfair Business Practices

      The Complaint also brings an unfair business practices claim based on California's UCL. Compl. ¶¶ 109-24. This claim primarily alleges that Defendants are liable under the UCL for violating California Labor Code Section 6402, which in turn provides that: "No employer shall require or permit any employee to go or be in any employment or place of employment which is

not safe and healthful." *Id.*; Cal. Lab. Code § 6402.

First, the Court agrees with Defendant that the Complaint's allegations underlying the UCL claim are "hopelessly vague." *See* Mot. at 7.  To the extent the Complaint alleges any facts to support this claim, they are in the following paragraphs:

> Defendants' conduct in allowing the abuse of Plaintiff as described above violated section 6402.
>
> Defendants' illegal conduct was willful and directly caused humiliation, hostility work environment for many workers including Plaintiff and many of incidents of workplace violence as reported in Defendant's internal reports and the California Department of Industrial Relations.
>
> Defendant's failure to follow worker safety laws amounts to an unlawful, unfair, and fraudulent business practice under California business and Professions Code Section 17200.

Compl. ¶¶ 111-13.  These allegations alternate between conclusory assertions and references to unspecified preceding allegations.  This does not satisfy federal pleading requirements.  *See* Fed. R. Civ. P. 8; *see also Twombly*, 550 U.S. at 570.  Plaintiffs' UCL claim is accordingly dismissed.

Based on the parties' briefing, the Court has serious doubts that Plaintiff could state a plausible UCL claim if given leave to amend.  For one, her current Complaint does not plausibly allege that she has standing to pursue a UCL claim because it does not explain how she lost money or property as a result of Defendant's alleged California Labor Code violations.  *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322, 246 P.3d 877, 885 (2011).  For another, her UCL claim does not allege that she complied with the Labor Code Private Attorneys General Act's ("PAGA") administrative exhaustion requirements.  Her attempt to hold Defendants liable under the UCL's "unlawful" prong for violating California Labor Code Section 6402 is therefore in tension with the principle that plaintiffs cannot "evade" another law's administrative exhaustion requirements "by repleading their cause of action as one for violation of the Unfair Competition Law." *In re Vaccine Cases*, 134 Cal. App. 4th 438, 459, 36 Cal. Rptr. 3d 80, 94 (2005); *see also Wicker v. Walmart, Inc.*, 533 F. Supp. 3d 944, 951–52 (C.D. Cal. 2021) ("[B]ecause [Plaintiff] failed to comply with PAGA's administrative exhaustion requirements, [Plaintiff] cannot recast

his barred PAGA claim as one for violation of the UCL."). And finally, to the extent Plaintiff's UCL claim seeks restitution, it fails to allege that the money she purports to have lost as a result of Defendant's alleged California Labor Code violations "represent[s] monies given to the defendant or benefits in which the plaintiff has an ownership interest." *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-48, 131 Cal. Rptr. 2d 29 (2003).

Despite these significant misgivings, however, the Court cannot definitively conclude that Plaintiff's UCL claim could not possibly be cured by the allegation of other facts—mostly because it currently does not plead facts to begin with. *Lopez*, 203 F.3d at 1127. The Court accordingly **GRANTS** Defendant's motion as to Plaintiff's UCL claim, but gives Plaintiff leave to amend.

### E.  Invasion of Privacy

Plaintiff's Complaint also brings a "Fourth Amendment invasion of privacy claim" against "Lister Macharia," who was Plaintiff's manager, and "Sarah," who was Plaintiff's co-worker. *See* Compl. ¶¶ 126. This claim is dismissed without leave to amend. Putting aside that those individuals are not named as defendants in this case, the Fourth Amendment restricts the conduct of the Federal Government and the States. *See Carpenter v. United States*, 138 S. Ct. 2206, 2261, 201 L. Ed. 2d 507 (2018). It does not apply to private actors. *Id.*

## IV.  CONCLUSION

Defendant's motion is **GRANTED IN PART and DENIED IN PART.** The Court dismisses Plaintiff's privacy claim without leave to amend and Plaintiff's breach of contract and unfair business practices claim with leave to amend. To the extent Plaintiff can amend these claims consistent with her Rule 11 obligations, any amended complaint must be filed within 14 days from the date of this Order, and Plaintiff may not add any new causes of action or defendants to an amended complaint.[2]

---

[2] It is apparent that Plaintiff's claims for breach of contract and unfair business practices do not substantively change the scope of this case. Because this case is already eight months old, the Court intends to set a case schedule at the initial Case Management Conference irrespective of whether Plaintiff files an amended complaint. Both parties are strongly encouraged to consider whether their resources would be better spent getting to the bottom of Plaintiff's substantive allegations through discovery and summary judgment, rather than engaging in further formalistic pleading disputes.

The Court also **SETS** a telephonic case management conference on March 1, 2022, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties shall file a joint case management statement no later than one week before the case management conference.

**IT IS SO ORDERED.**

Dated:  2/10/2022

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge