1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

EVERLINE WILLIAMS,

Case No. 21-cv-04501-HSG

8

Plaintiff,

**ORDER**

9

v.

10

REDWOOD TOXICOLOGY
LABORATORY,

11
12

Defendant.

13          On May 26, 2022, the Court received a letter from Plaintiff dated May 23, 2022, saying

14   that she could not attend the May 26 hearing on counsel's motion to withdraw.  Dkt. No. 58.  At

15   that hearing, the Court continued the hearing one week to June 2nd and required Plaintiff to appear

16   at the hearing via Zoom.  Dkt. No. 59.  Plaintiff asks for the hearing to be put off until August 17,

17   2022.  That request is **DENIED**.  It is important for Ms. Williams to understand a number of

18   things about her case.

19          First, nearly three months ago, the Court ordered that all fact discovery in this case must be

20   completed by July 29, 2022.  Dkt. No. 38.  So all fact discovery, including Plaintiff's deposition,

21   must be done by that date.  This means that the Court will not delay the resolution of the motion to

22   withdraw until August, because that is after the deadline.  It is also why Ms. Williams' counsel

23   was correct when she apparently told her that a February 5, 2023 deposition date is not consistent

24   with the Court's scheduling order.  *See* Dkt. No. 38 at 2.  Whether Ms. Williams can work things

25   out with current counsel, seeks new counsel, or plans to represent herself, the motion to withdraw

26   needs to be decided as soon as possible regardless, and she also needs to comply with the Court's

27   order requiring her deposition to be completed by July 29, 2022.

28          Second, Ms. Williams is required to appear via Zoom at the hearing on June 2nd at 1:30

United States District Court
Northern District of California

p.m. Pacific Time.  It is Ms. Williams' responsibility to prosecute her case, and that requires appearing when ordered by the Court to do so.  The Court needs to have a direct discussion with Ms. Williams about the motion and the case, and expects Ms. Williams to make whatever arrangements and adjustments are required to attend a brief Zoom hearing.  No preparation for the hearing is necessary.  Failure to appear may be the basis for sanctions, which could include dismissal for failure to prosecute or failure to comply with Court orders.

Third, it is not appropriate for Plaintiff to communicate complaints about her current counsel to the Court in letters.  Plaintiff is represented, and any issues should be raised with counsel and brought to the Court's attention through counsel.  The Court cannot and will not give Plaintiff advice about her case or any issues with counsel.  Ms. Williams has three options: continue with her current counsel and work through any differences if possible; find and retain new counsel; or take on the responsibility of representing herself (including complying with all Court orders and schedules, as well as the Federal Rules of Civil Procedure and this District's local rules).

Plaintiff's counsel is directed to forward this order immediately to Ms. Williams via electronic mail, and to make best efforts to convey the substance of the order, including the requirement that Ms. Williams appear at the June 2nd Zoom hearing, to her by phone.

**IT IS SO ORDERED.**

Dated:   5/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California