United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EVERLINE WILLIAMS, | Case No. 4:21-cv-04501-HSG (LB) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| REDWOOD TOXICOLOGY LABORATORY, | Re: ECF Nos. 79, 81, 83, 84 |
| Defendant. | |

**INTRODUCTION AND STATEMENT**

The parties in this employment discrimination case dispute whether the plaintiff must provide medical records, including records related to the plaintiff's physical and mental condition.[1] The defendant asks the court to compel the plaintiff to (1) produce medical records from medical providers who the plaintiff identified in discovery (including records related to the treatment of emotional distress), (2) execute authorizations so that the defendant can subpoena the records directly from the plaintiff's medical providers, and (3) submit to an independent medical examination (IME) on mental or psychiatric health issues under Rule 35 of the Federal Rules of

---

[1] Disc. Letter – ECF No. 79. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 4:21-cv-04501-HSG (LB)

1    Civil Procedure.[2] The defendant also asks for an extension of (1) the June 29, 2022 fact discovery

2    cutoff to complete the plaintiff's deposition after her medical records are produced and (2) the

3    August 12, 2022 deadline, as to the defendant only, to disclose an expert on the plaintiff's alleged

4    emotional injuries.[3]

5         The parties' discovery letter did not initially include a statement from the plaintiff.[4] Instead,

6    the plaintiff filed a "Motion to Exclude Psychiatric and Workman Compensation Record, Motion

7    for Protective Order."[5] The plaintiff later filed a version of the letter with her position.[6] The

8    plaintiff contends that she has not asserted a claim for a "mental or psychiatric injury" and that the

9    defendant should not be allowed to depose her on those issues or obtain her mental health

10   records.[7] The plaintiff also asks for a protective order barring the defendant from obtaining or

11   deposing her on her "Workman Compensation record."[8]

12        The court can decide the motion for reconsideration without oral argument. N.D. Cal. Civ.

13   L.R. 7-1(b). The court denies the defendant's request to compel the plaintiff to submit to an

14   independent mental or psychiatric examination or produce mental health records because the

15   operative complaint does not allege more than garden variety emotional distress. The plaintiff

16   cannot, however, rely on psychotherapist-patient communications or submit expert testimony in

17   support of any claim for emotional-distress damages without waiving the protection over her

18   mental health records.

19        Regarding the other issues, the plaintiff must produce and sign authorizations for medical

20   records related to physical conditions and injuries referenced in the complaint. There is no basis to

21   prohibit the defendant from obtaining or questioning the plaintiff on her workers' compensation

22

23   [2] *Id.* at 1–2. (The discovery letter references an "Independent Mental Examination," but the term IME
     usually is a general reference to an independent medical examination.)

24   [3] *Id.* at 4.

25   [4] *Id.*

26   [5] Mot. – ECF No. 81; Am. Mot. – ECF No. 83.

     [6] Disc. Letter – ECF No. 84.

27   [7] Mot. – ECF No. 81 at 2–3.

28   [8] *Id.* at 3–4; ECF No. 83 at 4.

United States District Court
Northern District of California

1    record in this employment case. Concerning deadlines, any request to extend the discovery

2    deadlines must be addressed to the trial court.

3                                    **LEGAL STANDARDS**

4         As always, the court must first determine whether the information sought is relevant. *See* Fed.

5    R. Civ. P. 26(b) (subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain

6    discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

7    proportional to the needs of the case"). Assuming the material is relevant, the court must next

8    determine whether the information sought is protected by the psychotherapist-patient privilege.

9         Where evidence is relevant to state and federal claims, the federal law of privilege applies. *See*

10   *Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003); *Perrignon v. Bergen Brunswig. Corp.*,

11   77 F.R.D. 455, 459 (N.D. Cal. 1978). Under the federal psychotherapist-patient privilege,

12   "confidential communications between a licensed psychotherapist and her patients in the course of

13   diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal

14   Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (cleaned up). "Like other

15   testimonial privileges, the patient of course may waive the protection." *Id.* at 15 n.14.

16        Individuals also have privacy rights over medical records in general. *Bangoura v. Andre-Boudin*

17   *Bakeries*, No. C 12-3229 MMC (DMR), 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012). A

18   party may also waive these privacy rights by putting their medical condition at issue in a case. *Id.*

19        Under *Jaffee*, there is no waiver of the psychotherapist-patient privilege where the plaintiff

20   does not rely on psychotherapist-patient communications to prove damages and no expert

21   testimony will be submitted in support of the claim for emotional distress. *EEOC v. Peters'*

22   *Bakery*, 301 F.R.D. 482, 487 (N.D. Cal. 2014). This is true even if the plaintiff has asserted a

23   claim for emotional-distress damages. *Id.* (holding that the plaintiff did not waive the

24   psychotherapist-patient privilege where the "only claim asserted is for emotional distress

25   damages" and the plaintiff had "not asserted a claim for intentional infliction of emotional distress

26   or any such claim for unusual or special damages").

27        The rule is similar for purposes of Rule 35. Courts in this district have repeatedly held that

28   where a plaintiff claims "garden variety" emotional distress, the plaintiff's psychological condition

United States District Court
Northern District of California

ORDER – No. 4:21-cv-04501-HSG (LB)            3

1    is not "in controversy" for purposes of Rule 35. *Everett Pringle v. Andrew Wheeler, et al.*, No. 19-

2    cv-07432-WHO, 2021 WL 1907824, at *1 (N.D. Cal. Apr. 16, 2021) ("[The plaintiff's] claims for

3    'mental and emotional distress,' 'pain and suffering,' and 'stress, internal turmoil, trauma, and

4    anxiety' are 'garden variety' emotion[al] distresses that do not put his mental condition in

5    controversy."); *Tan v. City & Cnty. of San Francisco*, No. C 08-01564 MEJ, 2009 WL 594238, at

6    *1 (N.D. Cal. Mar. 4, 2009) (garden variety emotional distress alone is not sufficient to place a

7    party's mental state in controversy).

8                                    **ANALYSIS**

9         The plaintiff's original complaint alleged claims for employment discrimination under

10   California's Fair Employment and Housing Act (FEHA) and Title VII of the Civil Rights Act.[9] The

11   plaintiff also asserted breach of contract, unfair competition, and invasion-of-privacy claims.[10] The

12   court dismissed the plaintiff's breach of contract, unfair competition, and privacy claims.[11] The

13   plaintiff's First Amended Complaint includes FEHA, Title VII, breach of contract, and unfair

14   competition claims.[12] There is a pending motion to strike portions of the plaintiff's First Amended

15   Complaint. It challenges the breach of contract and unfair competition claims, but not the Title VII

16   claims.[13]

17        The plaintiff has asserted state and federal claims and the material sought appears to be

18   relevant to both claims. Thus, federal law of privilege applies not — as the defendant contends in

19   the discovery letter — California law.[14] *Fitzgerald*, 216 F.R.D. at 635. Although the defendant

20   cited an order by the undersigned issued in *Smith v. Equinox Holdings, Inc.*, that applied

21   California privilege law in an employment case, that case did not include federal claims and was

22

23

---

24   [9] Compl. – ECF No. 1 at 7–12 (¶¶ 50–99).

25   [10] *Id.* at 12–15 (¶¶ 101–129).

26   [11] Order – ECF No. 33 at 9.

     [12] First Am. Compl. – ECF No. 37 at 7–12 (¶¶ 50–99).

27   [13] Mot. – ECF No. 42 at 2–3.

28   [14] Disc. Letter – ECF No. 79 at 3.

United States District Court
Northern District of California

1    removed based on diversity jurisdiction only.[15] No. 14-cv-00846-LB, 2015 WL 628361, at *1

2    (N.D. Cal. Feb. 12, 2015); *see also Bangoura*, 2012 WL 5349991, at *1 (applying federal

3    privilege law based on the existence of a Title VII claim).

4         The plaintiff's allegations relate in part to the defendant's failure to accommodate the

5    plaintiff's injuries.[16] The plaintiff alleges that she was injured at work in July 2018 and referenced

6    back injuries including herniated discs, lumbosacral radiculopathy, and a sprained ankle.[17] She

7    alleges that her working conditions exacerbated these injuries.[18] The plaintiff's medical records

8    related to these physical injuries are plainly relevant to the plaintiff's claims and she must

9    authorize the defendant to obtain records related to these physical injuries directly from her

10   providers.

11        Regarding records concerning the plaintiff's mental condition, the defendant has not alleged

12   anything more than garden-variety emotional distress. The defendant asserts that the plaintiff put

13   her mental and physical condition at issue based on her response to an interrogatory, in which the

14   plaintiff states that she suffered from "major depressive disorder and anxiety with depression."[19]

15   This alone does not constitute an allegation of a specific psychiatric injury or disorder.

16   Furthermore, the plaintiff has not alleged a claim for negligent or intentional infliction of

17   emotional distress and the complaint's prayer for relief merely references damages for "emotional

18   distress, humiliation and mental anguish."[20] In sum, the plaintiff has not alleged anything more

19   than garden-variety emotional distress.

20        The cases the defendant relies on to pierce the psychotherapist-patient privilege are

21   meaningfully different from the facts here.[21] In *Evans v. Baxter Healthcare Corp.*, the plaintiff's

22

23

24   [15] Notice of Removal – ECF No. 1 (*Smith v. Equinox Holdings, Inc.*, No. 14-cv-00846-LB).

     [16] First Am. Compl. – ECF No. 37 at 8–9 (¶¶ 57–69).

25   [17] *Id.* at 6, 17, 19, 22 (¶¶ 41, 143, 159, 179).

26   [18] *Id.* at 5 (¶ 31).

     [19] Disc. Letter – ECF No. 79 at 2.

27   [20] First Am. Compl. – ECF No. 37 at 32.

28   [21] Disc. Ltr. – ECF No. 79 at 3, 4 n.2.

United States District Court
Northern District of California

1    complaint included allegations of "severe emotional distress." No. CV 12-04919-WHO (KAW),

2    2013 WL 3786313, at *3 (N.D. Cal. July 17, 2013). Similarly, in *Bangoura*, the plaintiff

3    specifically sought $600,000 for emotional distress injuries. 2012 WL 5349991, at *2.

4    Furthermore, a plaintiff may avoid disclosing mental health records by agreeing not to introduce

5    expert testimony on emotional distress damages. *Verma v. Am. Express*, No. C 08-2702 SI, 2009

6    WL 1468720, at *2 (N.D. Cal. May 26, 2009).

7        Therefore, assuming the plaintiff does not intend to rely on psychotherapist-patient

8    communications to prove her alleged damages or submit expert testimony in support of the claim

9    for emotional distress, the defendant is not entitled to her mental health records. Nevertheless, the

10   defendant is free to (1) question the plaintiff concerning "other stressors" that may have

11   contributed to any emotional distress, (2) discover "the dates of other psychotherapy prior to the

12   incidents alleged in the complaint," and (3) "examine percipient witnesses or submit other

13   evidence to show that the claim is exaggerated or false." *EEOC*, 301 F.R.D. at 486.

14                                   **CONCLUSION**

15       The plaintiff must execute authorizations for the release of her medical records related to the

16   physical conditions referenced in the complaint (back and ankle problems).

17       The plaintiff need not authorize the release of her psychiatric record records or submit to a

18   psychiatric examination under Rule 35 unless she intends to rely on psychotherapist-patient

19   communications to prove her alleged damages or submit expert testimony in support of the claim

20   for emotional distress.

21       As to the defendant's request for an extension of the discovery deadlines, any request to extend

22   the discovery deadlines must be addressed to the trial court.

23       **IT IS SO ORDERED.**

24       Dated: August 11, 2022

25                                   _____

26                                   LAUREL BEELER
                                     United States Magistrate Judge

27

28